IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James A. White,<br><br>         Petitioner,<br><br>v.<br><br>Acting Director of Alvin S. Glenn Detention Center,<br><br>         Respondent. | C/A No. 1:25-cv-3496-SAL<br><br><br>**ORDER** |

  Pretrial detainee and *pro se* petitioner James A. White ("Petitioner") filed this habeas corpus action pursuant to 28 U.S.C. § 2241. *See* ECF No. 17 at 2. This matter is before the court for review of the Report and Recommendation ("Report") issued by United States Magistrate Judge Shiva V. Hodges, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). The Report recommends that Petitioner's § 2241 petition be summarily dismissed. [ECF No. 17.] Although he has not expressly objected to the Report, his repeated filings requesting dismissal of his state criminal charges indicate that he objects to the recommended disposition. *See* ECF Nos. 20, 21, 22, 27, 30, 31. For the reasons below, the court adopts the Report.

**BACKGROUND**

  As outlined in the Report, Petitioner is currently detained at the Alvin S. Glenn Detention Center awaiting trial on various pending charges before the Richland County Court of General Sessions. [ECF No. 17 at 2–6.] Petitioner claims that the criminal charges against him, which include murder, should be dismissed because his right to a speedy trial has been violated and because law enforcement officers tampered with evidence in his case. *See id.*

  The magistrate judge recommends dismissing the § 2241 petition without prejudice and

1

without requiring Respondent to file a return. Although Petitioner was advised of his right to file objections to the Report, he did not do so—instead, he filed multiple motions again asking the court to dismiss the state court charges against him. *See* ECF Nos. 20, 21, 22, 27, 30, 31. These filings largely reiterate the arguments raised in his amended petition. *See* ECF No. 7.

## STANDARD OF REVIEW

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In response to a recommendation, any party may serve and file written objections. *See Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3)). The district court then makes a de novo determination of those portions of the Report to which an objection is made. *Id.* To trigger de novo review, an objecting party must object with sufficient specificity to reasonably alert the district court of the true ground for the objection. *Id.* (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). If a litigant objects only generally, the court need not explain adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

An objection is specific so long as it alerts the district court that the litigant believes the magistrate judge erred in recommending dismissal of that claim. *Elijah*, 66 F.4th at 460. Objections need not be novel to be sufficiently specific. *Id.* Thus, "[i]n the absence of specific objections . . . this court is not required to give any explanation for adopting the recommendation." *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (4th Cir. 2009) (emphasis in original).

Because Petitioner is proceeding *pro se*, the court is charged with liberally construing the pleadings to allow him to fully develop potentially meritorious claims. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). That said, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

## DISCUSSION

The relevant facts and standards of law on this matter are incorporated from the Report. Petitioner challenges his ongoing state criminal proceedings and seeks release from the Alvin S. Glenn Detention Center. [ECF No. 7.] The magistrate judge found dismissal appropriate on abstention grounds based on Petitioner's pending state prosecution and his ability to pursue his claims in state court. [ECF No. 17 at 2–6.] The Report explains that Petitioner's claims are subject to the federal standard that habeas corpus petitions cannot be used to prevent state criminal prosecution. *Id.* at 4–6. Under *Younger v. Harris*, 401 U.S. 37 (1971), a federal court should abstain from interfering in state court proceedings except in extremely narrow or extraordinary circumstances. The Report applies the test created in *Martin Marietta Corp. v. Maryland Commission on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) to determine when abstention is appropriate. [ECF No. 17 at 4–6.] The magistrate judge concluded that (1) ongoing state proceedings exist, (2) those proceedings implicate important state interests, and (3) Petitioner has an adequate opportunity to raise federal claims in those state proceedings. *Id.* The court agrees and finds abstention is appropriate.

Petitioner clearly received the Report as he attached a page from the Report in a supplemental filing. *See* ECF No. 21 at 2. However, he has not addressed *Younger* abstention in

3

his submissions—he only repeats his arguments that he has raised a speedy trial issue with the state courts, and his speedy trial rights are being violated. *See* ECF Nos. 20, 21, 22, 27, 30. But as explained in the Report, state court remains the appropriate forum for Petitioner to raise his claims. Petitioner has not shown that South Carolina courts cannot address his speedy trial and evidence-related claims. As noted by the magistrate judge, while there has been a delay in the disposition of his state criminal charges, that appears partly related to Petitioner's counsel being relieved on multiple occasions, most recently in April 2025. *See* Richland County Fifth Judicial Circuit Public Index, https://publicindex.sccourts.org/Richland/PublicIndex/PISearch.aspx (search "James Alterique White") (last visited Nov. 19, 2025).

Petitioner asserts a violation of 18 U.S.C. § 3161. However, that is the federal Speedy Trial Act, and the provisions of the act—for instance, the seventy-day clock for a trial after the filing of an information or an indictment—are not applicable to state courts. *See Abijah v. Warden, Sumter-Lee Det. Ctr.*, No. CV 0:23-5084-SAL, 2024 WL 3493394, at *2 (D.S.C. July 22, 2024). Even when liberally construed as a constitutional speedy trial claim, Petitioner fails to provide sufficient factual allegations to plausibly suggest that this case presents the type of narrow and extraordinary circumstances that would qualify as an exception to *Younger* abstention. Indeed, for speedy trial claims, a petitioner must first seek a speedy trial in state court and, failing that, seek dismissal of the charges in state court based on the unconstitutional delay. *Kane v. State of Va.*, 419 F.2d 1369, 1373 (4th Cir. 1970) (explaining that before seeking federal habeas relief, a pretrial detainee must demand a speedy trial; the state must afterward fail to make a diligent effort toward a speedy trial; and the pretrial detainee must then seek "dismissal of the charges against him because of unconstitutional delay"). Petitioner claims to have raised speedy trial claims to the state courts, but the docket also reflects that his case has been delayed due to the withdrawal and appointment of

4

counsel multiple times. *See Santos v. Holloway*, No. 5:24-cv-3328-SAL-KDW, 2024 WL 4393196, at *2 (D.S.C. Aug. 22, 2024), *adopted* 2024 WL 4381485 (D.S.C. Oct. 3, 2024) (finding that simply filing a speedy trial motion in state court is insufficient to exhaust all state remedies for purposes of § 2241). This "federal court should abstain from considering a speedy-trial claim at the pretrial stage because the claim could be raised at trial and on direct appeal." *Julius v. Dickers*, No. 4:18-cv-105-HMH-TER, 2018 WL 1545698, at *3 (D.S.C. Mar. 5, 2018), adopted by 2018 WL 1536572 (D.S.C. Mar. 29, 2018). Petitioner's objections are thus overruled.

The magistrate judge declined to reclassify the petition as a complaint under 42 U.S.C. § 1983, and the court agrees. *See* ECF No. 17 at 6. Although Petitioner did not object to that determination, he requested a § 1983 complaint form. *See* ECF No. 27-1 at 2. The Clerk's Office is directed to provide the appropriate form.

## CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the court finds no clear error. Further, having performed a de novo review of the Report, the court hereby adopts the Report and Recommendation, ECF No. 17. For the reasons discussed above and in the Report, Petitioner's action is **SUMMARILY DISMISSED without prejudice and without requiring Respondent to file a return**. Petitioner's motions to dismiss, ECF Nos. 14, 20, 27, are **DENIED**. The Clerk's Office is directed to provide a copy of this court's § 1983 complaint form to Petitioner along with this order.

**IT IS SO ORDERED.**

November 21, 2025
Columbia, South Carolina

Sherri A. Lydon
United States District Judge